UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASVINDER SINGH SINGH, | Case No.  1:26-cv-04243  (VC) |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| WARDEN OF CENTRAL VALLEY ANNEX, *et al.*, | Re: Dkt. No. 1 |
| Respondents. | |

This habeas action concerns the detention of Petitioner Jasvinder Singh Singh, a noncitizen who has lived in the United States since June 12, 2023. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus. *See* Dkt. No. 1. For the reasons explained below, the Court GRANTS the Petition and ORDERS that Petitioner be released from custody.

I.      **BACKGROUND**

Petitioner is a citizen of India who entered the United States on June 12, 2023. Dkt. No. 1 ¶ 2. Upon entry, he was "encountered by Border Patrol at or near Lukeville, Arizona without documents for lawful entry into the United States." Dkt. No. 6 at 13. Border Patrol then "issued [Petitioner] a Notice to Appear" and "released [him] on OREC due to lack of space." *Id*. OREC stands for "Order of Release on Recognizance." *See* "Revised Reporting Requirements for Non-Detained Migrants," available at https://www.ice.gov/doclib/foia/policy/24000.pdf. Since his

release over three years ago, Petitioner has settled in Clovis, California, has abided by all immigration reporting requirements, obtained work authorization from USCIS, began working as a truck driver, and has kept a clean criminal record. Dkt. No. 1 ¶¶ 3, 58–59. Respondents do not dispute any of these facts in opposition.

Petitioner was re-detained by Immigrations and Customers Enforcement ("ICE") on April 23, 2026 during a commercial truck inspection. Dkt No. 6 at 5. He is now being held at the Central Valley Annex in McFarland, California. Dkt. 1 ¶ 64. On June 2, 2026, Petitioner filed a petition for writ of habeas corpus. In Respondents' two-page opposition, the Government relies entirely on its new interpretation of 8 U.S.C.§ 1225(b)(2) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes. *See* Dkt. No. 6 1–2.

## II.     DISCUSSION

Petitioner asserts three claims for relief, arguing that his re-detention without a finding of flight risk or danger violates the due process clause of the Fifth Amendment (count 1), the Immigration and Nationality Act ("INA") (count 2), and the Administrative Procedure Act ("APA") (count 3). *Id*. ¶¶ 61–91. Because Petitioner's procedural due process claim affords him all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

### A.     8 U.S.C. § 1225(b)(2) Does Not Apply to Petitioner.

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2) as Respondents contend. *See* Dkt. 6 at 1. This Court—as well as the majority throughout the Ninth Circuit—have already concluded that Section 1225(b)(2) does not apply to non-citizens, like Petitioner, who were previously released by the Government on their own recognizance. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11

2

(E.D. Cal. Oct. 9, 2025). "Such expansive interpretation of § 1225(b)(2) is unlawful as applied to non-citizens," like Petitioner, "who have been released by DHS on their own recognizance into the interior of the country." *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026).

### B.    Petitioner's Re-Detention Violated Due Process.

As the Government makes no further argument regarding the basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### 1.    Liberty Interest

Petitioner's release from immigration custody on his own recognizance in June 2023 gave rise to a protected liberty interest. "[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond."). As such, the Government's election to release petitioner "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega*

3

*v. Kaiser*, 2025 WL 1771438, at *3 (collecting cases finding that noncitizens who have been released have a strong liberty interest).

### 2.    *Mathews* **Factors**

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over three years. In the intervening years he has developed ties in his community, legally working, and pursuing various forms of immigration relief. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094. If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

## III.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1.      Respondents immediately release Petitioner Jasvinder Singh Singh from their custody.

2.      Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.      If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner poses a flight risk or a danger to the community if not detained.

4.      This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 2, 2026

_____
VINCE CHHABRIA
United States District Judge

5